UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


REMEY ABELARDO TOMAS-GOSTAS,

v.  Case No. 8:06-cr-339-T-17EAJ
  8:09-cv-966-T-17EAJ

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court upon Defendant's timely filed second amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-152). A review of the record demonstrates that, for the following reasons, the motion to vacate must be denied.

BACKGROUND

1. On August 10, 2006, a federal grand jury in the Middle District of Florida returned a two count indictment charging Remey Abelardo Tomas-Gostas and his four co-defendants, with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46 Appendix, United States Code, Section 1903(a), (g) and (j), as charged in Count One, and possession with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46 Appendix, United States Code, Sections 1903(a) and (g); and Title 18, United States Code, Section 2, as charged in Count Two. Doc. CR-1.

2. On November 14, 2006, Tomas-Gostas pled guilty to Count One of the Indictment with a written plea agreement. Doc. CR-148.

3. On March 12, 2007, this Court sentenced Tomas-Gostas to a total of 168 months' imprisonment and 60 months supervised release. Doc. CR-65, Doc. CR-68.

4. On March 23, 2007, Tomas-Gostas directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 07-11349. Doc. CR-74. On September 27, 2007, counsel for the Tomas-Gostas filed a motion to withdraw along with an *Anders* brief, which is attached as Exhibit A to Document No. 8 in the civil case. On November 26, 2007, Tomas-Gostas filed his response in opposition to counsel's *Anders* brief, which recites many of the same grounds set forth in the instant motion. Exhibit B to Doc. No. 8 in the civil case. On February 21, 2008, the Eleventh Circuit affirmed his sentence. *United States v. Tomas-Gostas*, 265 Fed. Appx. 899 (11th Cir. 2008). Doc. CR-145. Tomas-Gostas did not seek further review from the Supreme Court.

5. The instant motion to vacate was timely filed on May 26, 2009. In Ground One, Tomas-Gostas claims ineffective assistance due to counsel's failure to preserve any challenge to jurisdiction by "...failing to object to an ambiguous plea agreement that was amended at plea colloquy..." Doc. CV-1 at 5. Ground Two claims that counsel was ineffective for failing to challenge jurisdiction prior to sentencing, according to defendant, "as agreed in the plea colloquy." Doc. CV-1 at 5. Ground Three alleges that appellate counsel was ineffective for failing to raise the jurisdiction question on appeal, "despite it [sic] was properly preserved." Doc. CV-1 at 5. In Ground Four, Tomas-Gostas claims that appellate counsel was ineffective for failing to raise on appeal the ineffectiveness of trial counsel, "because the record is clear with respect to counsel's [] errors." Doc. CV-1 at 6.

FACTUAL BACKGROUND

6. On March 12, 2007, this Court adopted the statements and guideline applications used by the Probation Office in its Presentence Investigation Report (PSR). Doc. CR-100 at 13.

7. On August 5, 2006, a Marine aircraft, while on patrol, observed a go-fast vessel that had several visible fuel barrels onboard. PSR ¶ 10. A Coast Guard aircraft arrived at the sight and the Coast Guard team observed the crew members jettisoning bales of cocaine while attempting to flee. Id. The Coast Guard fired warning shots at the go-fast vessel, but the warning shots were ignored by the crew. Id. The Coast Guard then used disabling shots to force the go-fast vessel to stop. Id. Tomas-Gostas and his four co-defendants were interdicted aboard the go-fast vessel which was located approximately 60 miles south of San Andres Island, Colombia. PSR ¶ 9.

8. U.S. Coast Guard Cutter Gallatin arrived at the scene and boarded the go-fast vessel. PSR ¶ 11. The team determined that the vessel was stateless. Tomas-Gostas claimed to be the master of the go-fast, but did not claim nationality for the vessel. PSR ¶¶ 11, 15. The Coast Guard team detained all four of the crew members and recovered 70 bales of cocaine weighing approximately 1,590 kilograms. PSR ¶ 11.

COGNIZABILITY

Tomas-Gostas claims under Grounds One through Four of his motion that his counsel provided ineffective assistance. Doc-CV-1 at 5-6. Ineffective assistance claims are cognizable under 28 U.S.C. § 2255. *See Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings).

PRIOR RESOLUTION

Tomas-Gostas claims in three of the four grounds raised in his § 2255 motion that his counsel was ineffective for failing to challenge jurisdiction. Tomas-Gostas claims that appellate counsel was ineffective for failing to raise the jurisdiction question on appeal and that appellate counsel failed to raise an ineffective assistance of counsel issue regarding is trial counsel. Doc. CV-1 at 5. Tomas-Gostas is not entitled to review of these claims, however, because the Eleventh Circuit already has decided them. "[O]nce a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)); see also *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (section 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue already decided on direct appeal).

On direct appeal, Tomas-Gostas counsel filed an *Anders* brief. *Anders v. California*, 386 U.S. 738 (1967). Counsel mentioned several possible arguments that could be made, but suggested that there were no meritorious grounds for reversal in Tomas-Gostas' case. Exhibit A, *Anders* brief at 4. Tomas-Gostas then filed a brief opposing counsel's *Anders* brief, in which he argued the issue of subject matter jurisdiction under MDLEA and that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective for not raising the jurisdiction issue prior to sentencing. Exhibit B, Tomas-Gostas's brief. The Eleventh Circuit reviewed the record in Tomas-Gostas's appeal and granted counsel's motion to withdraw and affirmed Tomas-Gostas's conviction and sentence pursuant to

4

*Anders.* Doc. CR-145.

Prior resolution bars reconsideration of Tomas-Gostas's claim that counsel was ineffective for failing to challenge jurisdiction, that appellate counsel was ineffective for failing to raise the jurisdiction question on appeal, and that appellate counsel should have raised an ineffective issue regarding trial counsel. The Eleventh Circuit resolved the issue against him on February 21, 2008, in *United States v. Tomas-Gostas*, Appeal No. 07-11349, 265 Fed. Appx. 889 (11th Cir. 2008). Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a Section 2255 proceeding. *Davis v. United States*, 417 U.S. 333 (1974); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981); *see also Alvarez v. United States*, 2008 WL 619314 (M.D. Fla.) (section 2255 motion raising jurisdiction argument on MDLEA was considered raised and disposed of by Eleventh Circuit after Anders brief filed).

Further, Tomas-Gostas has established no extraordinary circumstance that would justify reconsideration of this claim. *See Schlup v. Delo*, 513 U.S. 298 (1995); *Davis v. United States*, 417 U.S. 333 (1974). Therefore, Tomas-Gostas's claim must be denied.

MERITS

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a

5

ruling on the performance component.

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial. *Upshaw v. United States*, 2008 WL 638261 at *1 (M.D. Fla., Mar. 5, 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Finally, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

**Ground One - Failure to preserve any challenge to jurisdiction.**

It is well settled that a voluntary guilty plea waives all nonjurisdictional defects in the proceedings. *United States v. Patti*, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003). Tomas-Gostas claims his counsel should have preserved any claim to jurisdiction at the plea hearing and raised it prior to his sentencing. Doc. CV-1 at 5. The argument fails as a matter of law and is unsupported by counsel's arguments to the contrary and by the admissions Tomas-Gostas made at his plea colloquy that waived these arguments.[1] In any event, the arguments hold no merit.

Under the Maritime Drug Law Enforcement Act (MDLEA), the requirement that a vessel be "subject to the jurisdiction of the United States" defines the United States' extraterritorial jurisdiction,[2] not the federal courts' subject matter jurisdiction under U.S.C.

---

[1] Tomas-Gostas makes only vague, conclusory, and undeveloped claims relating to his attorney's alleged failure to preserve jurisdiction and fails to cite to any factual, legal, or statutory authority to support his claims. Tomas-Gostas fails to demonstrate the resulting prejudice under *Strickland.* Further, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991).

[2] There are five theories of extraterritorial criminal jurisdiction that are recognized under international law: 1) The territorial principle of international law includes acts occurring outside a nation's borders that have effects within the nation's territory. *U.S. v. Felix Gutierrez*, 940 F.2d 1200 (9 Cir. 1991); 2) The protective principle is a close cousin to the territorial principle; extraterritorial jurisdiction can be asserted if the national interest or national security is threatened or injured by the conduct in question. *Id.; U.S. v. Tinoco*, 304 F.3d 1088 (11 Cir. 2002); 3) The universal jurisdiction principle is based on the notion that some crimes are so universally condemned that the perpetrators are the enemies of all people and all civilized nations are united in the prosecution of those that commit these crimes. Restatement of the Foreign Relations law of the United States, § 404(1984). Congressional findings in the MDLEA indicate that drug trafficking is universally condemned. According to a number of United States Court of Appeals, this implicates the universal jurisdiction principle of international law. *See U.S. v. Marino-Garcia*, 679 F.2d 1373 (11 Cir. 1982); 4) The nationality principle applies to nationals, wherever located. th This principle comes into play when jurisdiction is founded

§ 3231. When Tomas-Gostas entered his guilty plea, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). As the Eleventh Circuit held in *Aguilar* in this regard, an argument that a vessel is "not subject to the jurisdiction of the United States is not a challenge to the subject matter jurisdiction of the district court." *United States v. Aguilar*, 196 Fed. Appx. 837, 838 (11th Cir. 2006). To the extent Tomas-Gostas argues that this Court's exercise of jurisdiction over him violated due process, his arguments are precluded by binding precedent. *See United States v. Estupinan*, 453 F.3d 1336, 1339 (11th Cir. 2006) (Congress did not exceed its authority in enacting the MDLEA); *Hendricks v. United States*, 2008 WL 2914985 (M.D. Fla.) (holding same).

Accordingly, by pleading guilty in this case and admitting the facts in the plea agreement and PSR, Tomas-Gostas waived any claim that his vessel did not meet the extraterritorial jurisdictional requirement imposed under the MDLEA. *See Aguilar*, 196 Fed. Appx at 838 (holding defendant's challenge to district court's finding that Coast Guard had complied with the MDLEA's requirement that the defendant's vessel be "subject to the jurisdiction of the United States" was not a challenge to the subject matter jurisdiction of the district court; therefore, petitioner waived this argument when he pled guilty); *but see United States v. Rendon,* 354 F.3d 1320, 1325 (11th Cir. 2003); *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002). Because the indictment in this case "charged . . . [the

---

on the "or who is a citizen of the United States or a resident alien of the United States" on board any vessel clause of Title 46 U.S.C. App. §1903(a); 5) The passive personality principle applies to those who commit crimes against nationals, wherever located, and could be invoked, for example, if a drug crew assaulted a Coast Guard boarding party. Restatement 3d of Foreign Relations Law §401-402(1987); *see U.S. v. Ali Rezaq*, 134 F. 3d 1121 (D.C. Cir. 1998) (extraterritorial killing of U.S. national by Arab terrorist invokes passive personality principle of extraterritorial jurisdiction).

petitioner] with a violation of . . . [the] law[s] of the United States, 'the district court [had] jurisdiction over the case . . ." *Aguilar*, 196 Fed. Appx. at 838 (quoting *McCoy v. United States,* 266 F.3d 1245, 1252 n.11 (11th Cir. 2001)).

Furthermore, Tomas-Gostas also waived this challenge to his conviction when he pled guilty. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (a guilty plea waives all defects except subject matter jurisdiction); *United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998) (same); *United States v. Pierre,* 120 F.3d 1153, 1155 (11th Cir. 1997) (same). Indeed, a defendant who chooses to forego any challenge to the theory of the indictment by pleading guilty relinquishes his right to challenge it later. *United States v. Broce*, 488 U.S. 563, 571 (1989). Therefore, Tomas-Gostas has waived this argument both by failing to timely assert it and by his guilty plea.

In fact, before accepting his guilty plea, the Court discussed jurisdiction with Tomas-Gostas and his counsel. His counsel clarified that the reason for the objection to the language that "the vessel was subject to the jurisdiction of the United States" in the factual basis of the plea agreement was that counsel considered the language to be a "legal conclusion," not a "factual element." Doc. CR-154 at 19. Counsel informed the Court that she is not raising "the jurisdictional challenge." The issue is not raised by trial counsel (or appellate counsel) because it was and is meritless based on the facts admitted to in the plea agreement -- which the Court immediately verified with counsel in the following colloquy:

> THE COURT: The facts -- would the facts that he's agreed to establish jurisdiction?
>
> MS. GUAGLIARDO: What the statute provides is that the United States asserts jurisdiction over vessels without nationality.

> THE COURT: Right.
>
> MS. GUAGLIARDO: In this case there was no claim of nationality for the vessel.
>
> THE COURT: Okay, right. So could there be any other inference from the facts that have been agreed to, other than that the vessel was subject to jurisdiction of the United States in your view?
>
> MS. GUAGLIARDO: Not that I'm aware of, Your Honor.
>
> THE COURT: Okay.

Doc. CR-154 at 19.

Shortly after the above exchange, the Court asked the government to recite the facts in support of Tomas-Gostas's guilty plea:

> The following facts would be proven beyond a reasonable doubt if the Untied States were to proceed to trial. Those facts are: That on or about August 5th, 2006, Remey Abelardo Tomas-Gostas agreed with his co-defendants and with others to possess with intent to distribute more than 5 kilograms of cocaine while aboard a go-fast vessel. On that date, a Marine Patrol aircraft located the go-fast vessel approximately 16 nautical miles south of San Andres, Colombia, in the Carribean Sea. The vessel was crewed by the four defendants with a number of fuel barrels visible onboard.
>
> An [sic] United States Coast Guard helicopter was dispatched from the United States Coast Guard Cutter Gallatin. And once it arrived on-scene, the defendants attempted to flee and began jettisoning bales of cocaine.
>
> The go-fast vessel refused to stop and ignored warning shots from the United States Coast Guard helicopter. After disabling fire from the United States Coast Guard helicopter, the vessel stopped and a boarding crew from the United States Coast Guard Cutter Gallatin arrived onboard the go-fast.
>
> The United States Coast Guard issued a statement of no objection; and the vessel was assimilated to be stateless, that is a vessel without nationality. Approximately 70 bales of cocaine weighing approximately 1590 kilograms were recovered by the United States Coast Guard from the water and from the vessel.

Id. at 21-22. Tomas-Gostas testified that he had no objection to those facts and that those

facts were "exactly" true, which he reiterated in the PSR. Id. at 22; PSR ¶15.

By pleading guilty, Tomas-Gostas has waived any claim of pre-plea ineffectiveness. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived). Tomas-Gostas fails to cite to any statutory or legal authority to support a contrary view. Tomas-Gostas's counsel cannot be deemed to have performed deficiently by failing to address issues that reasonably would have been considered to be without merit, as verified by the transcript of the proceeding. *See Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); Pitts v. Cook, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986). Clearly, these claims of ineffective assistance of counsel are without merit and entitle him to no relief.

The record clearly demonstrates that Tomas-Gostas agreed he understood the factual basis of his conviction, including the fact that the vessel was "stateless" thereby giving jurisdiction to the United States, as his counsel indicated to the Court when she stated that she was not raising a jurisdictional challenge. In light of all of the above, the government respectfully submits that, by pleading guilty, Tomas-Gostas waived any claim that his vessel was not subject to the jurisdiction of the United States and his claim must be denied.

**Grounds Two, Three, and Four**

Tomas-Gostas claims that counsel was ineffective for failing to challenge jurisdiction; appellate counsel was ineffective for failing to raise the jurisdiction question on appeal; and appellate counsel was ineffective for failing to raise on appeal the ineffectiveness of trial counsel.

These claims all relate to the jurisdiction argument, which as discussed infra, was waived and previously decided on direct appeal. As stated above, prior resolution bars reconsideration of Tomas-Gostas's claims that counsel was ineffective for failing to challenge jurisdiction, that appellate counsel was ineffective for failing to raise the jurisdiction question on appeal, and that appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel. The Eleventh Circuit resolved the issue against him on February 21, 2008, in *United States v. Tomas-Gostas*, Appeal No. 07- 11349, 265 Fed. Appx. 889 (11th Cir. 2008), which included Tomas-Gostas' pro se jurisdictional objections. Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a Section 2255 proceeding. *Davis v. United States*, 417 U.S. 333 (1974); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

Tomas-Gostas has established no extraordinary circumstance that would justify reconsideration of these claims. *See Schlup v. Delo*, 513 U.S. 298 (1995); *Davis v. United States*, 417 U.S. 333 (1974). Any further argument would have been meritless, and a failure to raise a meritless argument will not support an ineffective assistance of counsel claim. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir.1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Therefore, Tomas-Gostas's claims must be denied.

Accordingly, the Court orders:

That Tomas-Gostas's motion to vacate (Doc. cv-1; cr-152) is denied. The Clerk is directed to enter judgment against Tomas-Gostas in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 30, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA
Remey Abelardo Tomas-Gostas